```
                                                              FILED
                                                       U.S. DISTRICT COURT
                                                          AUGUSTA DIV.
          IN THE UNITED STATES DISTRICT COURT
                                                       2005 NOV 22  AM 9:02
        FOR THE SOUTHERN DISTRICT OF GEORGIA
                                                       CLERK_____
                    STATESBORO DIVISION                   SO. DIST. OF GA.
```

MARK OTIS BOATWRIGHT,            )
                                 )
        Plaintiff,                )
                                 )
v.                               )       CV 605-092
                                 )
ROGERS STATE PRISON, et al.,     )
                                 )
        Defendants.               )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Plaintiff, an inmate currently incarcerated at Mens State Prison in Hardwick, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). The case was originally filed in the Middle District of Georgia. Boatwright v. Rogers State Prison, 5:05-cv-00268 (M.D. Ga. Aug. 5, 2005). By Order of the Honorable Duross Fitzpatrick, United States District Judge, Plaintiff's complaint was transferred to this Court.[1] (Id., Order dated Aug. 22, 2005). Upon its arrival here, the Court attempted to screen Plaintiff's complaint in conformance with the IFP statute, 28 U.S.C. § 1915A, but because of pleading deficiencies, the Court directed Plaintiff to amend his complaint. (See doc. no. 6). Plaintiff submitted an amended complaint, and it is this pleading which is now before the Court for review. (Doc. no. 7). After a review of Plaintiff's complaint and prior history of case filings, for the reasons set forth below, the

---

[1] Judge Fitzpatrick dismissed one Defendant, John T. Harper, Jr., prior to transferring the case.

Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.[2]

A prisoner proceeding with a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). With respect to proceeding IFP, 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998).

To that end, the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" requires that prisoner plaintiffs disclose whether they have brought other federal

---

[2]Although Judge Fitzpatrick granted Plaintiff leave to proceed IFP prior to transferring the case to this District, Plaintiff has submitted another IFP motion. (Doc. no. 8). As Plaintiff is already proceeding IFP, this second IFP motion should be **DENIED as MOOT**.

[3]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal citations omitted).

lawsuits while incarcerated, whether they were allowed to proceed IFP in any such lawsuits, and whether any such suit was dismissed on the ground that it was frivolous, malicious, or failed to state a claim.[4]  (Doc. no. 1, Compl. form, pp. 1-3).  In the spaces reserved for marking "Yes" or "No," Plaintiff marked "No," both as to bringing other lawsuits dealing with the same facts or dealing with facts other than those involved in this action.[5]  (Id. at 1, 2).  However, under the portion of the complaint for disclosing lawsuits in which Plaintiff was allowed to proceed *in forma pauperis* but had a suit dismissed as frivolous, malicious, or for failure to state a claim, Plaintiff listed three case numbers out of the Middle District of Georgia: (1) 5:05-cv-266; (2) 5:05-cv-269; and (3) 5:05-cv-299.  (Id. at 3).  Plaintiff's responses were made under penalty of perjury on October 5, 2005.  (Id. at 6).

However, when the Court attempted to verify Plaintiff's prior dismissals (as three such prior dismissals could subject Plaintiff to the provisions of 28 U.S.C. § 1915(g) discussed *supra*), it discovered not only that the identified cases had not been dismissed at the time of the filing of the amended complaint, but Plaintiff had a more extensive filing history than what he disclosed on his complaint.  The Court is aware of at least two additional federal cases that Mark O. Boatwright, GDC #1146685, has filed while

---

[4]Under the question concerning whether a prisoner plaintiff has brought any lawsuits in federal court dealing with the facts other than those involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each such lawsuit, and if there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Doc. no. 1, Compl. form, p. 2).

[5]On the original complaint filed in the Middle District, Plaintiff also checked "No" to the question asking whether, other than the appeal of his conviction or sentence, Plaintiff had ever "submitted a lawsuit for filing in any federal or state court dealing with the SAME FACTS involved in this lawsuit or otherwise related to your imprisonment." Boatwright v. Rogers State, 5:2005-cv-00268 (M.D. Ga. Aug. 5, 2005).

3

incarcerated: (1) Boatwright v. Rogers State Prison, 6:2005-cv-00103 (S.D. Ga. Oct. 5, 2005)[6]; and (2) Boatwright v. Spencer, 5:2005-cv-00270 (M.D. Ga. Aug. 5, 2005). Given the number of lawsuits in which Plaintiff is involved,[7] it is clear that Plaintiff is no stranger to the federal courts and is aware of the import attached to the information he provides to the Court. Yet, Plaintiff clearly provided false information about his prior filing history, not only by declaring that lawsuits had been dismissed which were still pending but also by failing to declare the aforementioned two lawsuits.

The Eleventh Circuit has indicated its approval of dismissing a case based on dishonesty in a complaint. In Rivera, the court of appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731 (citations omitted).[8]

---

[6] This case actually originated in the Middle District but was transferred to this Court. Boatwright v. Rogers State Prison, 5:2005-cv-00267 (M.D. Ga. Aug. 5, 2005).

[7] Records from the Middle District of Georgia also suggest that a Mark O. Boatwright filed more than one federal lawsuit prior to his current incarceration. However, because there is no prisoner identification number attached to those pre-incarceration cases, it is not clear whether the same Mark O. Boatwright who filed those cases is the same person as Plaintiff.

[8] The court in Parker thoughtfully ruled as follows:

> The sophistication of Plaintiff's substantive arguments and his knowledge of the procedural rules convince this Court that Plaintiff understands the severity of not revealing the truth to the Court. This Court

4

In sum, Plaintiff has abused the judicial process in this case by providing dishonest information about his prior filing history. Therefore, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's second motion to proceed IFP be **DENIED as MOOT** and that this action be **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.[9] See Rivera, 144 F.3d at 724 ("To be sure, proceeding IFP in a civil case is a privilege, not a right." Id.).

SO REPORTED and RECOMMENDED this 22nd day of November, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

has the authority to control and manage matters such as this pending before it. This Court firmly believes that Plaintiff must be forced to conform to acceptable standards in approaching this Court.

This Court will not tolerate false responses and/or statements in any pleading or motion filed for consideration the Court. If the Court cannot rely on the statements and/or responses made, it threatens the quality of justice. Here Plaintiff has falsely responded [by denying the existence of prior lawsuits] to Question (B) in Section IV, entitled "Previous Lawsuits."

Therefore, this Court is of the opinion that an appropriate sanction is to dismiss this case without prejudice and warn Plaintiff that such false responses, filed herein or filed in the future, will not be tolerated and may result in more severe and long-term sanctions in the future. For now, this case will be dismissed for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements and/or responses that can be relied on to bring his case to an expeditions closure.

Rivera v. Parker, Case No. 96-325-Civ-J-10 (M.D. Fla. May 2, 1996), doc. no. 4.

[9]The practice of dismissing a case as a sanction for providing false information about a prior filing history has been previously utilized in the Southern District. See Shaw v. Smith, 6:2003-cv-00066 (S.D. Ga. May 30, 2003).