ORIGINAL

FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2005 DEC 15  AM 10: 07

CLERK _____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF GEORGIA

### STATESBORO DIVISION

MARK OTIS BOATWRIGHT,    )
    )
    Plaintiff,    )
    )
v.    )    CV 605-092
    )
ROGERS STATE PRISON, et al.,    )
    )
    Defendants.    )

## O R D E R

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation to which objections have been filed. Now that the Magistrate Judge has identified discrepancies with the information Plaintiff provided concerning his prior filing history in federal court - information required by the "Form to Be Used by Prisoners Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983 in the United States District Court for the Southern District of Georgia" - Plaintiff strikes an apologetic tone and requests that his improper actions be "overlooked." Plaintiff contends that the his improper disclosures should be excused either because the fault lies with the jail house lawyer assisting him that may have misunderstood the complaint form or because Plaintiff "was not in his right mind. . . .[as] the medication for his mental problems had him high." (Doc. no. 11, pp. 2, 3). He does not deny that his amended complaint contains false information that was submitted under penalty of perjury.

Nothing in Plaintiff's objections persuades the Court to deviate from the Magistrate Judge's recommendation that this case should be dismissed without prejudice. First, regardless of whether Plaintiff utilizes the assistance of a jail house lawyer, he is the person who must provide the information that goes on the complaint form, and he is the person who attests to the information as being true.[1]  Second, Plaintiff's belated claims of mental problems interfering with his ability to understand straight forward instructions on a complaint form ring hollow, particularly in light of the detailed narrative in his amended complaint which identifies not only the dates but also the exact times of day when various Defendants allegedly violated his rights by opening his mail. (Doc. no. 7, Stm. of Claim). Plaintiff was able to recall all of these events over a year after they actually happened.

In sum, Plaintiff did not properly disclose his filing history or attempt to notify the Court of his current (though still insufficient) explanation for his false filing. Accordingly,

---

[1]The Court is aware that Plaintiff's objections contain a request that the Court appoint an attorney to represent Plaintiff. However, as a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

This is a straight forward case concerning allegations that prison officials improperly opened Plaintiff's mail. He has been able to recount the exact dates and times that the events allegedly took place, as well as the names of individuals who allegedly carried out the contested actions. Moreover, this case is being dismissed, negating the need for representation at this time.

In sum, Plaintiff's motion for appointment of counsel is **DENIED**. Should Plaintiff choose to commence a new civil action, after due consideration of the complexity of the issues raised or their novelty, see Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), the Court will entertain such a motion at the appropriate time.

the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Therefore, Plaintiff's second motion to proceed IFP is **DENIED as MOOT**, and this action is **DISMISSED** without prejudice as a sanction for Plaintiff's abuse of the judicial process.[2]

SO ORDERED this $12$ day of December, 2005.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2]Because the dismissal is without prejudice, Plaintiff may, subject to the parameters of the Federal Rules of Civil Procedure, file a new complaint, which would be given a new civil action number. Should Plaintiff choose to attempt to proceed *in forma pauperis* rather than pay the full $250.00 filing fee at the time he submits a new complaint, then he will also be held to the statutory requirements for *in forma pauperis* filings.